**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: November 21 2011

_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Timothy W. Pate, Sr., | ) | Case No. 10-37496 |
| | ) | |
| Debtor(s). | ) | Chapter 11 |
| | ) | |
| Penny Kreais-Lange, fka Penny Pate, | ) | Adv. Pro. No. 11-3028 |
| | ) | |
| Plaintiff, | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Timothy W. Pate, Sr., | ) | |
| | ) | |
| Defendant(s). | ) | |

### ORDER OF DISMISSAL

The parties filed cross motions for summary judgment on Plaintiff's Complaint to Determine Dischargeability of Debt Under 11 U.S.C. Section 523 ("Complaint"). The Complaint involves debts arising out of a state court divorce proceeding between Plaintiff and Defendant, who is the Debtor in the underlying Chapter 7 case.

The Complaint and the cross motions addressed only the application of 11 U.S.C. § 523(a)(5), and further appeared to seek to have this court liquidate outstanding domestic relations obligations between the parties. The court reviewed the motions and set them for hearing, at which time counsel were directed to address the application of 11 U.S.C. § 523(a)(15) to the debts in issue.

Regardless of whether § 523(a)(5) applies to except the debts in issue from Defendant's Chapter 7 discharge, neither party could articulate at the hearing a legal basis upon which § 523(a)(15) does not apply to except them even if § 523(a)(5) does not since this is a Chapter 7 case. After the amendments to the Bankruptcy Code effected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, both § 523(a)(5) and § 523(a)(15) are now self-executing and subject to the concurrent jurisdiction of other courts to determine, including to liquidate related debts, with the distinction between debts subject to those respective sections now remaining only in Chapter 13 cases, c*f*. 11 U.S.C. § 1328(a)(1)-(4), which this is not.

Moreover, upon entry of Debtor's Chapter 7 discharge on March 2, 2011, the automatic stay terminated under § 362(c)(2) except with respect to any property that remains in the estate for administration by the Chapter 7 Trustee, *see* 11 U.S.C. § 362(c)(1). And the procedural remedy as to any such property of the estate would be a motion for relief from stay and not an adversary proceeding in any event.

There being no actual case or controversy for this court to determine herein, Plaintiff's Motion to Dismiss will be granted. Any dispute over the amount of the debt(s) in issue must be determined
in the state court as this court declines to render an advisory opinion thereon. For good cause shown,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss [Doc. # 25] is **GRANTED**, and Plaintiff's Complaint to Determine Dischargeability of Debt Under 11 U.S.C.

Section 523 is hereby **DISMISSED**, without prejudice.